IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SONYA D. PUENTE,

      Plaintiff,

v.                                                                                                       No. 2:25-CV-0331-DLM

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM & ORDER

**THIS MATTER** is before the Court on Plaintiff Sonya D. Puente's Brief (Doc. 11) requesting review and remand of a final decision by Defendant, the Commissioner of Social Security (Commissioner), who denied her application for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act (SSA). The Commissioner responded to the brief on July 9, 2025 (Doc. 13), and Plaintiff filed a reply brief on July 22, 2025 (Doc. 14). Having reviewed the record, submissions of counsel, and relevant law, and with the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court concludes that Defendant Commissioner's findings are supported by substantial evidence and affirms the order of the Commissioner.

**I.  Procedural History**

Sonya D. Puente protectively filed her applications for DIB and SSI on October 14, 2022. (Administrative Record[1] (AR) at 205–12.) The Administration denied her applications initially on December 7, 2022 (*id.* at 71–76), and upon reconsideration on May 30, 2023 (*id.* at 83–89). Puente

---

[1] Document 10 contains the sealed Administrative Record. (Doc. 10.) I cite the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

timely requested a hearing with an administrate law judge (ALJ). (*Id.* at 129.)

Both Puente and a vocational expert (VE) testified during the *de novo* hearing. (*See id.* at 34–65, 197–201.) ALJ Jeffrey Morgan issued an unfavorable decision on August 14, 2024. (*Id.* at 17–27.) Puente submitted a Request for Review of Hearing Decision/Order to the Appeals Council (*id.* at 203), which the Council ultimately denied on February 4, 2025 (*id.* at 1–6). Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     The Sequential Evaluation Process and the ALJ's Findings

"The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); *see also* 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant is eligible for disability benefits, the Commissioner follows a sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not "doing substantial gainful activity;" (2) she has a severe impairment or combination of impairments that has lasted or is expected to last for at least one year; and (3) her impairments meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *see also* 20 C.F.R. §§ 404.1509, 416.909; *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "RFC is a multidimensional description of the work-related abilities a claimant retains in spite of [her]

medical impairments." *Garcia v. Saul*, 509 F. Supp. 3d 1306, 1310 (D.N.M. 2020) (quoting *Ryan v. Colvin*, No. 15-cv-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016)) (citing 20 C.F.R. § 404.1545(a)(1)) (brackets omitted). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient [RFC] to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One, ALJ Morgan found that Puente "has not engaged in substantial gainful activity since September 23, 2022, the alleged onset date." (AR at 20 (citing 20 C.F.R. §§ 404.1571–76, 416.971–76.).) At Step Two, the ALJ concluded that Puente "has the following severe impairments: multi-level arthropathy of the spine with disc space loss and dextroscoliosis, and degenerative changes to the left shoulder." (*Id.* (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) At Step Three, the ALJ found that Puente "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 22 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).)

At Step Four, the ALJ considered the evidence of record and found:

> [Puente] has the [RFC] to perform medium work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except that the claimant can occasionally climb ladders, ropes, and scaffolds; and frequently stoop, crouch, and climb ramps and stairs. She can occasionally reach overhead with the non-dominant left upper extremity and can frequently reach in all other directions with the non-dominant left upper extremity.

(*Id.* at 23.)

Based on his review of the record and the testimony of the VE, ALJ Morgan found that

Puente is able to perform past relevant work as a mail carrier. (*Id.* at 26.) The ALJ ultimately determined that Puente "has not been under a disability, as defined in the Social Security Act, from September 23, 2022, through the date of [the] decision." (*Id.* at 27 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).)

### III.     Legal Standard

The Court reviews the Commissioner's decision to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While a deficiency in either area is grounds for remand, *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012), the Court may neither reweigh the evidence nor substitute its judgment for the agency's, *see Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

To decide whether the ALJ applied the correct legal standards, the Court must determine whether he adhered to "the specific rules of law that must be followed in weighing particular types of evidence in disability cases . . . ." *Lax*, 489 F.3d at 1084 (quotation marks and citation omitted). To determine whether substantial evidence supports the ALJ's factual findings, the "[C]ourt looks to [the] administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). Substantial evidence "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (citation omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting

*Zoltanski*, 372 F.3d at 1200).

### IV. Discussion

Puente argues remand is warranted because the ALJ (1) did not adequately explain why he rejected a medical opinion by nurse practitioner Amy Roberts; and (2) did not seek an updated medical expert opinion even though more objective medical records were produced by the time of the hearing. (*See* Doc. 11 at 10–17.) The Court finds that the ALJ's discussion of the expert medical opinion was sufficient. In addition, the Court finds no error in the ALJ's decision not to obtain an updated medical opinion. Thus, the Court affirms the Commissioner's decision and denies Puente's request to remand.

#### A. Medical Opinion

The Court finds that the ALJ adequately discussed Roberts' medical opinion. Under the revised regulations, the ALJ must "consider[] the persuasiveness of [all medical] opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as 'a medical source's familiarity with the other evidence in a claim.'" *See Zhu v. Comm'r, SSA*, No. 20-3180, 2021 WL 2794533, at *5 (10th Cir. July 6, 2021) (quoting 20 C.F.R. §§ 404.1520c(c), 416.920c(c)). Supportability and consistency "are the most important factors[,]" and the ALJ must explain how he considered those two factors in evaluating medical opinions. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, address the remaining factors. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ need only "provide enough detail such that the Court 'can follow the adjudicator's reasoning' and determine whether the 'correct legal standards have been applied.'" *Emerald v. Kijakazi*, No. 22-cv-0470 GBW, 2023 WL 6389075, at *3 (D.N.M. Sept. 30, 2023) (quoting *Keyes-Zachary*, 695 F.3d at 1166) (subsequent citation omitted).

In this case, the ALJ discussed nurse practitioner Amy Roberts' medical opinion. (AR at 25–26.) Roberts did not examine Puente but rather reviewed Puente's medical records. (*See* AR at 25, 462–66.) The ALJ stated that "[w]hile Roberts did not examine the claimant, she supported her opinion by reference to the claimant's medical treatment records showing facet arthrosis at L5/S2 and mild loss of disc space height at L4/5 and moderate loss of disc space height at L5/S1 as well." (*Id.* at 25–26.) The ALJ then found, however, that Roberts' findings were not consistent "with the evidence of record which shows some diffuse tenderness but with normal gait, normal range of motion, negative straight leg test on right and equivocal on left, and without sciatica." (*Id.* at 26.) Thus, the ALJ found Roberts' opinion unpersuasive. (*Id.*)

Puente argues that the fact that the ALJ found Roberts' opinion supported by the record but then found that it was inconsistent with the medical record is paradoxical. The Court disagrees.

> "Supportability" examines how closely connected a medical opinion or prior administrative medical finding is to the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." [20 C.F.R.] § 416.920c(c)(1). "Consistency," on the other hand, compares a medical opinion or prior administrative medical finding to the evidence: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." [20 C.F.R.] § 416.920c(c)(2). *Fager v. Comm'r, SSA*, No. 24-1133, 2025 WL 574154, at *5 (10th Cir. Feb. 21, 2025).

The ALJ complied with the regulations. He addressed supportability by stating that Roberts supported her medical opinion by relying on certain medical records. (AR at 25–26.)[2] However, the ALJ then considered whether Roberts' opinion was consistent with the other medical evidence

---

[2] Puente contends that the ALJ found that Roberts' opinion was well supported. (Doc. 14 at 1.) In fact, the ALJ did not make this finding. Instead, the ALJ simply noted that Roberts supported her opinion by referencing Puente's medical treatment records. (AR at 25–26.)

and found that it was not. (*Id.* at 26.) Because the ALJ found that it was not consistent with the other evidence, he determined that Roberts' opinion was unpersuasive. (*Id.*) The ALJ's determination was therefore reasonable and in compliance with the regulations. *See Fager*, 2025 WL 574154, at *5 (finding that even though the ALJ found that the medical opinion was adequately supported, the ALJ did not err in finding the medical opinion unpersuasive when the opinion was inconsistent with other treatment records).

Although Puente contends that the ALJ did not adequately address Roberts' opinion, what she essentially argues is that the ALJ's determination is wrong. The Court may neither reweigh the evidence nor substitute its judgment for the agency's. *See Bowman*, 511 F.3d at 1272. Thus, the Court finds that the ALJ did not err in evaluating Roberts' medical opinion.

### B.  Additional Expert Medical Opinion

Puente additionally asserts that the ALJ should have submitted new objective medical evidence to medical expert review, particularly because there were no useful medical opinions for the ALJ to consider.[3] (Doc. 11 at 13–16.) Puente claims that Roberts and the two state agency physicians were only able to review medical records through December 2022, and there was other medical evidence from 2023 and 2024 to support Puente's medical allegations. Roberts' opinion, however, was authored on January 19, 2024, at Puente's request, and was based on her review of the records Puente provided. (AR 25, 462–66.) Thus, Puente could have provided Roberts with additional medical evidence to support her allegations.

The claimant and her counsel "are in the best position to have knowledge of any additional

---

[3] The ALJ referenced two other medical opinions in his decision. (AR at 25.) He found that one of the medical expert's opinions was unpersuasive and noted that the other medical consultant stated that "there was insufficient evidence to evaluate the claimant's impairments and any associated limitations due to the claimant's failure to return needed forms after contacting the claimant and their representative multiple times." (*See id.*) Puente does not take issue with the ALJ's determination on these opinions.

medical records that may be relevant to her disability claim." *Hendron v. Colvin*, 767 F.3d 951, 957 (10th Cir. 2014).[4] "The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability." *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) (citation omitted). Although the ALJ bears responsibility for ensuring that an adequate record is developed, when the claimant is represented by counsel, "'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored,' and the ALJ 'may ordinarily require counsel to identify the issue or issues requiring further development.'" *Id.* (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)). Thus, the Court finds that the ALJ did not err by not seeking an updated medical expert opinion.

## V.     Conclusion

Puente fails to demonstrate that the ALJ erred in discussing a medical expert's opinion or in not seeking updated medical review. Thus, Puente's Brief requesting remand (Doc. 11) is **DENIED**, and the Court **AFFIRMS** the Commissioner's final decision.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Puente attempts to rely on *Hendron* for the proposition that if there is objective medical evidence to establish a plaintiff's medical condition, remand may be required. (Doc. 11 at 13–16.) Yet, as Puente acknowledges, in *Hendron*, the district court reversed and remanded the case finding that the ALJ "had failed to develop a sufficient record on which to base a disability decision." *Hendron*, 767 F.3d at 953. The Tenth Circuit, however, disagreed and found that the district court erred in reversing the ALJ's decision because it found that the ALJ's determination was properly supported by substantial evidence. *Id.* at 954–55. Puente concedes that the position it presents to the Court is a "fine needle to thread" (Doc. 11 at 14), and that there is no binding authority in the Tenth Circuit for which the Court to follow (*id.* at 15–16.) The Court declines to thread the needle in this case. Furthermore, Puente specifically states that she "is not arguing that remand is required to further develop the record in light of missing medical evidence; instead, she is only interested in how the ALJ interpreted the medical evidence that already was available by the hearing." (Doc. 14 at 4–5.) Again, as noted above, Puente has the burden to prove her disability and must furnish evidence of a medical disability. *Branum*, 385 F.3d at 1271.